UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PAULINA DEMARCO,

                      Plaintiff,                  **ORDER**
                                                                    CV 06-4305 (JG) (ARL)

    -against-

STONY BROOK CLINICAL PRACTICE
MANAGEMENT PLAN and the RESEARCH
FOUNDATION OF THE STATE UNIVERSITY
OF NEW YORK,

                      Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is a series of letters from the parties. To begin with, by letter dated June 15, 2007, defendant Stony Brook Clinical Practice Management Plan ("CPMP") moves to compel the plaintiff to produce "all outstanding discovery" including "complete discovery responses, documents and authorizations." Co-defendant Research Foundation of the State University of New York (the "Foundation") joins in the application by letter also dated June 15, 2007. Plaintiff has responded to these submissions by letter dated June 18, 2007.[1]
For the reasons that follow, the motions are denied in part and granted in part.

      As a threshold matter, given the plaintiff's representation that she will provide CPMP with copies of her W2s and/or 1099s for 2001, this prong of CPMP's application is moot. The court turns to the remaining issues. CPMP and the Foundation (together, "the defendants") seek to compel the plaintiff to provide authorizations for the release of her medical and psychiatric records for the period commencing January 1, 2001 to the present. While the plaintiff does not object to providing HIPPA-compliant authorizations at this time she conditions her service of the authorizations upon the scheduling of the defendants' depositions. Plaintiff is directed to provide the authorizations for the release of her medical and psychiatric records for the period from January 1, 2001 to the present by **July 2, 2007.** The parties' depositions shall be taken consistent with a schedule to be mutually agreed upon by the parties upon completion of document discovery and in accordance with the rule that there is no priority for discovery in federal court. Fed. R. Civ. P. 26(d); Advisory Committee Notes, 1970 Amendment, Subdivision (d); see also Baker v. Orleans County, 1997 WL 436703, at *1 (W.D.N.Y. July 21, 1997) ("There are no priorities regarding the sequence of discovery under the Federal Rules of Civil Procedure.")

---

      [1]The court notes that the each defendant has filed reply letters and the plaintiff has opposed those submissions. See CPMP letters dated June 19 and 20, 2007, plaintiff's letters dated June 19 and 20, 2007, and the Foundation's letter dated June 21, 2007. As these letters largely concern whether the "meet and confer" requirement was satisfied, the court has not considered these submissions.

Instead, the district courts are given reasonable latitude and discretion to establish a priority or to fashion an appropriate sequence of the discovery to be performed in each case."); Exovir, Inc. v. Dr. Mandel, 1996 WL 101269, at *1 (S.D.N.Y. March 7, 1996) ("There is no rule of discovery priority under the Federal Rules of Civil Procedure.").

CPMP also seeks to compel the plaintiff to submit to a psychiatric examination pursuant to Federal Rule of Civil Procedure 35 upon completion of her deposition and following service of the required notice. Plaintiff asserts that this prong of CPMP's application is premature given that CPMP has yet to notice the exam. The court agrees. Accordingly, this prong of CPMP's motion is denied.

The defendants next seek authorizations for the release of the plaintiff's employment records for the period January 1, 2001 to the present. According to the defendants, the plaintiff's employment records are relevant to their defense that the plaintiff was denied employment because she falsified her employment history to CPMP interviewers. Given this defense, the plaintiff's prior work history is clearly relevant to her claims for damages as well as to CPMP's defense as noted above. Plaintiff shall provide the authorizations by **July 2, 2007.**

Finally, the defendants seek to compel the production of information and documents concerning the plaintiff's pending suit against West Hills Montessori and/or Gersh Management Services, Inc., and/or Gersh Academy. In this regard, the defendants seek copies of the plaintiff's discovery responses in that matter as well as "a detailed damages calculation" for that suit. According to the defendants, this information is relevant to the present case because plaintiff seeks the same measure of damages for the same time period in the Montessori suit. Plaintiff opposes this prong of the application, arguing that the request is overly broad and that the documents in that action are irrelevant to the issues in this case. Finally, the plaintiff asserts that the request for a "detailed damages calculation" in that action is premature as that case is still pending and, in any event, no such document exists. To the extent that the plaintiff has prepared a damages calculation or has otherwise provided discovery in connection with the claimed damages for front and back pay in that action it should be provided. Plaintiff is reminded that her obligation to provide copies of said discovery is a continuing one. This prong of the defendants' motion is otherwise denied at this time.

Dated: Central Islip, New York          **SO ORDERED:**
      June 25, 2007

                                                               _____/s/_____
                                                               ARLENE R. LINDSAY
                                                               United States Magistrate Judge